2009-02820
FILED
December 21, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002301824

34

Mark D. Poniatowski, Esq. (#123405)
Kimberly F. Leding, Esq. (#233618)
LAW OFFICES OF MARK D. PONIATOWSKI
PROFESSIONAL CORPORATION
2811 Castro Valley Blvd., Suite 208
Castro Valley, California 94546
Telephone: (510) 881-8700
Facsimile: (510) 881-8702

Attorneys for Secured Creditor Caterpillar Financial Services Corporation

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In Re | Chapter 7 |
| JAMES A. MYERS, and PATRICIA MYERS, | Case No. 09-37956 |
| Debtors. | |
| ─────────────────────────/ | |
| CATERPILLAR FINANCIAL SERVICES CORPORATION, a Delaware corporation, | Adversary Proceeding No. _____ |
| Plaintiff, | COMPLAINT: 1) TO DETERMINE DEBT NONDISCHARGEABLE AND 2) OBJECTING TO DISCHARGE |
| v. | |
| JAMES A. MYERS dba MYERS HEAVY HAULING, | [11 U.S.C §§ 523 and 727] |
| Defendant. | |
| ─────────────────────────/ | |

Plaintiff Caterpillar Financial Services Corporation, a Delaware corporation, is informed and believes and thereon alleges as follows.

## PARTIES, JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I)& (J).

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

In re James A. Myers, and Patricia Myers, Chapter 7, Case No. 09-37956,        Page -1-
Adversary Proceeding No. _____
COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE AND OBJECTING TO DISCHARGE

3. Plaintiff Caterpillar Financial Services Corporation, a Delaware corporation ("Plaintiff"), is, and at all relevant times mentioned herein was, a corporation duly organized and existing under the laws of the state of Delaware, and qualified to do business in California.

4. Defendant James A. Myers dba Myers Heavy Hauling ("Debtor") is, and at all relevant times was, an individual residing and doing business in the City of Marysville, California, 95901.

5. Debtor is the debtor in the above-captioned bankruptcy proceeding filed August 24, 2009 in the United States Bankruptcy Court for the Eastern District of California as bankruptcy case number 09-37956 (the "Bankruptcy Case").

## GENERAL ALLEGATIONS

6. On or about July 6, 2006, Debtor entered into an Installment Sale Contract (Security Agreement) (the "Security Agreement") with Holt of California ("Dealer") for the purchase of one (1) Towmaster model T40RGT Trailer, Vehicle Identification Number 4KNFT24236L163331 (the "Collateral") for the total purchase price, including finance charges, of Thirty-Two Thousand Nine Hundred Six and 12/100 Dollars ($32,906.12). A true and correct copy of the Security Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.

7. Pursuant to the terms of the Security Agreement, Debtor agreed, in part, to make monthly installment payments of Seven Hundred Seventy-Five and 17/100 Dollars ($775,17). Exhibit A, Section 1.

8. To secure his performance under the Security Agreement, Debtor granted Dealer a security interest in the Collateral. See Exhibit A, Section 9.

9. Pursuant to the terms of the Security Agreement, for valuable consideration, Dealer assigned its rights under the Security Agreement, and in and to the Collateral, to Plaintiff. A true and correct copy of the Assignment of Installment Sale Contract (Without Recourse) of the Security Agreement between Plaintiff and Dealer is attached hereto as Exhibit "B" and is incorporated herein by reference.

10. Plaintiff filed a UCC-1 Financing Statement with the California Secretary of State

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

1    on July 14, 2006 perfecting its security interest in the Collateral. A true and correct copy of that

2    Financing Statement is attached hereto as Exhibit "C" and is incorporated herein by reference.

3         11.      Plaintiff is also listed as the lienholder on the Certificate of Title for the

4    Collateral. A true and correct copy of the Certificate of Title is attached hereto as Exhibit "D"

5    and is incorporated herein by reference.

6         12.      Plaintiff fully performed under the Security Agreement by financing the purchase

7    of the Collateral by Debtor.

8         13.      On June 22, 2007, at Debtor's request, Plaintiff and Debtor entered into a

9    "Modification Agreement," modifying the payment terms of the Security Agreement. A true and

10    correct copy of the Modification Agreement is attached hereto as Exhibit "E" and is incorporated

11    herein by reference.

12         14.      Debtor has defaulted under the terms of the Security Agreement by, among other

13    defaults, failing to make the monthly payments when due under the terms of the Security

14    Agreement.

15         15.      On or about July 9, 2009, Plaintiff notified Debtor of his default under the

16    Security Agreement and demanded possession of the Collateral if the balance then due was not

17    paid ("Default Notice"). A true and correct copy of the Default Notice is attached hereto as

18    Exhibit "F" and is incorporated herein by reference.

19         16.      Debtor failed to make the monthly payment due December 6, 2008 and has failed

20    and/or refused to make any subsequent monthly payments due under the Security Agreement.

21         17.      As a result of Debtor's default, and pursuant to the terms of the Security

22    Agreement, Plaintiff is entitled to take possession of the Collateral. Exhibit A, Section 8.

23         18.      As a proximate result of Debtor's breach of the Security Agreement, Plaintiff has

24    suffered damage. As of the date Debtor filed his petition in this Bankruptcy Case, Debtor was

25    indebted to Plaintiff under the terms of the Security Agreement in the sum of Seven Thousand

26    Four Hundred Ninety-Five and 78/100 Dollars ($7,495.78).

27         19.      The Security Agreement further provides that "Purchaser agrees to pay all

28    reasonable attorneys' fees (to the extent permitted by applicable law) and all costs and expenses

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

In re James A. Myers, and Patricia Myers, Chapter 7, Case No. 09-37956,          Page -3-
Adversary Proceeding No. _____
COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE AND OBJECTING TO DISCHARGE

incurred by Seller in enforcing this Contract." Exhibit A, Section 8. By reason of Debtor's conduct, Plaintiff has incurred such fees and costs, including, if necessary, expert witness fees, and will continue to do so.

20. On Debtor's Schedule D – Creditors Holding Secured Claims, Debtor lists Plaintiff as a secured creditor and lists the Collateral. Attached hereto as Exhibit "G" and incorporated herein by reference is a true and correct copy of Debtor's Schedule D.

21. In his Statement of Intentions, Debtor fails to state his intention regarding the Collateral. Attached hereto as Exhibit "H" and incorporated herein by reference is a true and correct copy of Debtor's Statement of Intentions.

22. On October 22, 2009, counsel for Plaintiff wrote to Debtor's counsel regarding Debtor's failure to state his intention regarding the Collateral and demanded the immediate surrender of the Collateral. A true and correct copy of that October 22, 2009 correspondence is attached hereto as Exhibit "I" and is incorporated herein by reference.

23. Debtor did not respond to Plaintiff's letter.

24. On December 8, 2009, counsel for Plaintiff again wrote to Debtor's counsel demanding the surrender of the Collateral by December 14, 2009. A true and correct copy of that December 8, 2009 correspondence is attached hereto as Exhibit "J" and is incorporated herein by reference.

25. Debtor has not returned the Collateral and no payments have been made by Debtor to Plaintiff.

26. Debtor did not surrender the Collateral or enter into a reaffirmation agreement within 45 days after the first meeting of creditors as required by 11 U.S.C. §521(a)(6).

27. As of the date Debtor filed his petition in this Bankruptcy Case, the wholesale value of the Collateral was approximately Seven Thousand Eight Hundred Eighty-Seven and 00/100 Dollars ($7,887.00).

## FIRST CLAIM FOR RELIEF
### [To Determine Debtor Nondischargeable Pursuant to 11 U.S.C. §523(a)(6)]

28. Plaintiff hereby realleges the preceding paragraphs of this complaint herein as

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

In re James A. Myers, and Patricia Myers, Chapter 7, Case No. 09-37956,                    Page -4-
Adversary Proceeding No. _____
COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE AND OBJECTING TO DISCHARGE

1  though set out in full.

2      29.    Debtor has wrongfully refused to surrender the Collateral and has converted the

3  same.

4      30.    Debtor's conversion of the Collateral is "willful and malicious injury by the

5  Debtor" to Plaintiff and/or to the property of Plaintiff.

6      31.    Plaintiff has suffered damage as a proximate result of Debtor's conversion of the

7  Collateral as the Collateral has been made unavailable to Plaintiff.

8      32.    Debtor's debt of Seven Thousand Four Hundred Ninety-Five and 78/100 Dollars

9  ($7,495.78) to Plaintiff is nondischargeable under Section 523(a)(6) of the United States

10  Bankruptcy Code.

11      WHEREFORE, Plaintiff prays judgment against Debtor as set forth below.

12  **SECOND CLAIM FOR RELIEF**

13  **[Objecting To Discharge of Debtor Pursuant to 11 U.S.C. §727(a)(2)]**

14      33.    Plaintiff hereby realleges the preceding paragraphs of this complaint herein as

15  though set out in full.

16      34.    Debtor with intent to hinder, delay, or defraud Plaintiff has transferred, removed,

17  destroyed, mutilated, or concealed the Collateral from Plaintiff within one year before the date of

18  the filing of the petition, or alternately, after the date of the filing of the petition.

19      35.    Plaintiff is holder of a perfected security interest in the Collateral.

20      36.    As a result of Debtor's default and pursuant to the terms of the Security

21  Agreement, Plaintiff is entitled to immediate possession of the Collateral.

22      37.    Plaintiff has suffered damage as a proximate result of Debtor's transfer, removal,

23  destruction, mutilation or concealment in that the Collateral has been made unavailable to

24  Plaintiff.

25      38.    Pursuant to 11 U.S.C. §727(a)(2) Debtor's Discharge shall not be entered.

26      WHEREFORE, Plaintiff prays judgment against Debtor as set forth below.

27  //

28  //

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

In re James A. Myers, and Patricia Myers, Chapter 7, Case No. 09-37956,        Page -5-
Adversary Proceeding No. _____
COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE AND OBJECTING TO DISCHARGE

## THIRD CLAIM FOR RELIEF
### [Objecting To Discharge of Debtor Pursuant to 11 U.S.C. §727(a)(4)]

39. Plaintiff hereby realleges the preceding paragraphs of this complaint herein as though set out in full.

40. In his Statement of Intentions, Debtor does not indicate his intention regarding the Collateral despite the requirement the Debtor's intention regarding debts secured by property of the estate should so stated.

41. Debtor knowingly and fraudulently, in connection with the case made a false oath in that at the time he signed his Statement of Intentions under penalty of perjury, he knowingly omitted the Collateral from his Statement of Intentions.

42. Plaintiff has suffered damage as a proximate result of Debtor's false oath in that the Collateral has been made unavailable to Plaintiff.

43. Pursuant to 11 U.S.C. §727(a)(4) Debtor's Discharge shall not be entered.

WHEREFORE, Plaintiff prays judgment against Debtor as set forth below.

## FOURTH CLAIM FOR RELIEF
### [Objecting To Discharge of Debtor Pursuant to 11 U.S.C. §727(a)(4)]

44. Plaintiff hereby realleges the preceding paragraphs of this complaint herein as though set out in full.

45. Pursuant to the terms of the Security Agreement, State law and 11 U.S.C. §521(a)(6), Debtor is unlawfully detaining Plaintiff's Collateral.

46. Debtor knowingly and fraudulently, in connection with the case made a false oath in that at the time he filed his Petition, he had no intention of complying with 11 U.S.C. §521(a)(6).

47. Plaintiff has suffered damage as a proximate result of Debtor's false oath in that the Collateral has been made unavailable to Plaintiff.

48. Pursuant to 11 U.S.C. §727(a)(4) Debtor's Discharge shall not be entered.

WHEREFORE, Plaintiff prays judgment against Debtor as set forth below.

//

//

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

In re James A. Myers, and Patricia Myers, Chapter 7, Case No. 09-37956,          Page -6-
Adversary Proceeding No. _____
COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE AND OBJECTING TO DISCHARGE

# PRAYER FOR RELIEF

## ON THE FIRST CLAIM FOR RELIEF

1.   For a determination that Plaintiff's claim against Debtor in the sum of Seven Thousand Four Hundred Ninety-Five and 78/100 Dollars ($7,495.78) is valid, enforceable and nondischargeable and that Plaintiff shall have a non-dischargeable judgment against Debtor in that sum;

2.   For reasonable attorney's fees incurred herein;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court may deem just and proper.

## ON THE SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF

1.   For a determination that Debtor's Discharge shall not be entered;

2.   For reasonable attorney's fees incurred herein;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court may deem just and proper.

DATED:  December 21, 2009

LAW OFFICES OF MARK D. PONIATOWSKI
PROFESSIONAL CORPORATION


_/s/ Mark D. Poniatowski_
MARK D. PONIATOWSKI
Attorneys for Secured Creditor Caterpillar Financial Services Corporation

LAW OFFICES OF
_Mark D. Poniatowski_
PROFESSIONAL CORPORATION
2811 CASTRO VALLEY BLVD.
SUITE 208
CASTRO VALLEY, CA 94546

EXHIBIT "A"



# INSTALLMENT SALE CONTRACT (SECURITY AGREEMENT)

**PURCHASER(S):**
JAMES MYERS DBA MYERS HEAVY HAULING
1415 N. BEALE RD.
MARYSVILLE, CA 95901
County: YUBA

**SELLER (DEALER):**
HOLT OF CALIFORNIA
1521 W. CHARTER WAY
STOCKTON, CA 95206

Subject to the terms and conditions set forth below and on the following page(s) hereof, Seller hereby sells the equipment described below (the "Unit" or "Units") to Purchaser, and Purchaser (if more than one, jointly and severally), having been offered both a cash sale price and a time sale price, hereby buys the Units from Seller on a time sale basis.

| NEW OR USED | (IF USED) FIRST USED | MODEL | DESCRIPTION OF UNIT(S) | SERIAL# | DELIVERED CASH SALE PRICE |
|---|---|---|---|---|---|
| (1) New | | T40RGT | Towmaster Trailer | 4KNFT24236L163331 | $24,473.00 |

| FIRST USED | DESCRIPTION OF ADDITIONAL SECURITY (MAKE, MODEL & SERIAL NUMBER) | | | | | |
|---|---|---|---|---|---|---|
| | | | Sub-Total ...................................$ | | 24,473.00 |
| | | | Sales Tax ....................................$ | | 4,711.05 |
| | | 1. | Total Cash Sale Price .....................$ | | 29,184.05 |
| | | | Cash Down Pay | 5,000.00 | |
| | | | Net Trade-in Allow | 0.00 | |
| **FIRST USED** | **DESCRIPTION OF TRADE-IN EQUIPMENT (MAKE, MODEL & SERIAL NUMBER)** | 2. | Total Down Payment .......................$ | | 5,000.00 |
| | | 3. | Unpaid Balance of Cash Price (1 - 2).......$ | | 24,184.05 |
| | | 4. | Official Fees (Specify) ......................$ | | 300.00 |
| | | | Document Fee | 300.00 | |
| | | | Other Fees | 0.00 | |
| | | 5. | Physical Damage Insurance ..................$ | | |
| | | 6. | Principal Balance (Amount Financed) (3 + 4 + 5) ...........$ | | 24,484.05 |
| Trade-in Value | 0.00 | 7. | Finance Charge (Time Price Differential) ..............$ | | 3,422.07 |
| Less Owing to | 0.00 | | | | |
| Net Trade-in Allowance | 0.00 | 8. | Time Balance (Total of Payments) (6 + 7)................$ | | 27,906.12 |
| Location of Units: | | 9. | Time Sale Balance (Total of Payment Price) (2 + 8).........$ | | 32,906.12 |
| MARYSVILLE, CA 95901, YUBA | | 10. | Annual Percentage Rate | | 70% |
| | | 11. | Date FINANCE CHARGE begins to accrue | JUL 6 2006 | |

**Purchaser hereby sells and conveys to Seller the above described Trade-in Equipment and warrants it to be free and clear of all claims, liens, security interests and encumbrances except to the extent shown above.**

1. **PAYMENT:** Purchaser shall pay to Seller, at Caterpillar Financial Services Corporation, PO Box 100647, Pasadena, CA 91189-0647 or such other location Seller designates in writing, the Time Balance (Item 8 above) as follows [check (a) or (b)]:

X (a) in 36 equal monthly installments of $775.17 each, with the first installment due on _8 - 6 - 06_, and the balance of the installments due on the like day of each month thereafter, (except no payments shall be due during the month(s) of n/a), until the entire indebtedness has been paid; or

__ (b) in accordance with the Payment Schedule attached to this Contract.

(Provisions of section 1 continued on next page.)

SEE FOLLOWING PAGE(S) FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE A PART OF THIS CONTRACT.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

NOTICE TO PURCHASER: (1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (2) YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN; (3) UNDER THE LAW YOU MAY HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE; (4) IF THIS CONTRACT IS NOT EXECUTED BY PURCHASER ON OR BEFORE August 5, 2006 THE CONTRACT MAY BE CONSIDERED NULL AND VOID BY SELLER.





# ADDITIONAL TERMS AND CONDITIONS

**1. PAYMENT (continued):** Purchaser shall pay to Seller a late payment charge equal to the lesser of (a) the highest charge allowed by law or (b) 5% of the amount of any payment (including any accelerated payment) not made when due under this Contract (or such later date as may be required by applicable law). Upon prepayment in full or acceleration of the total unpaid Time Balance, Purchaser shall receive a rebate of the unearned portion of the Finance Charge computed on an actuarial basis less a processing fee. Except as otherwise expressly provided herein, the obligations of Purchaser hereunder shall not be affected by any defect in, damage to, loss of or interference with possession or use of any Unit, by the attachment of any lien or claim to any Unit, or for any other cause.

**2. DISCLAIMER OF WARRANTIES:** Purchaser acknowledges and agrees that Seller is not the manufacturer of the Unit(s) and that Purchaser has selected each Unit based on Purchaser's own judgment without any reliance whatsoever on any statements or representations made by Seller. AS BETWEEN SELLER AND PURCHASER, THE UNIT(S) ARE PROVIDED "AS IS" WITHOUT ANY WARRANTIES OF ANY KIND. PURCHASER HEREBY EXPRESSLY DISCLAIMS a) ALL WARRANTIES OF MERCHANTABILITY, b) ALL WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE, AND c) ALL WARRANTIES AGAINST INFRINGEMENT OR THE LIKE. Seller assigns to Purchaser its interest in any of the manufacturer's warranties on the Unit(s).

**3. POSSESSION, USE AND MAINTENANCE:** Purchaser shall not (a) use any Unit improperly, carelessly, unsafely or in violation of any law or regulation or for personal, family, or household purposes or for any purpose other than in Purchaser's business (including agricultural business); (b) permit the use of any Unit by anyone other than Purchaser or change the permanent location of any Unit from the county and state specified above without the prior written consent of Seller; or (c) sell, lease, assign or transfer, or create or suffer to exist any lien, claim, security interest or encumbrance on any of its rights hereunder or in any Unit. The Units are and shall remain personal property irrespective of their use or manner of attachment to realty. Upon prior notice to Purchaser, Seller or its agent shall have the right (but not the obligation) at all reasonable times to inspect any Unit. Purchaser shall at its expense maintain the Units in good operating order, repair and condition. Purchaser shall not alter any Unit or affix any equipment to any Unit if such alteration or addition would impair the originally intended function or reduce the value of such Unit. Any alteration or addition to any Unit shall be at the sole risk of Purchaser.

**4. TAXES:** Purchaser shall promptly pay all taxes, assessments, fees and other charges when levied or assessed against any Unit or the ownership or use thereof, or this Contract or any payments made or to be made to Seller.

**5. WAIVER AND INDEMNITY:** PURCHASER HEREBY AGREES TO RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS SELLER, ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS AND ASSIGNS FROM AND AGAINST ANY CLAIMS OF PURCHASER OR THIRD PARTIES, INCLUDING CLAIMS BASED UPON BREACH OF CONTRACT, BREACH OF WARRANTY, PERSONAL INJURY, PROPERTY DAMAGE, STRICT LIABILITY OR NEGLIGENCE, FOR ANY LOSS, DAMAGE OR INJURY CAUSED BY OR RELATING TO THE DESIGN, MANUFACTURE, SELECTION, DELIVERY, CONDITION, OPERATION, USE, OWNERSHIP, MAINTENANCE OR REPAIR OF ANY UNIT. FURTHER, PURCHASER AGREES TO BE RESPONSIBLE FOR ALL COSTS AND EXPENSES, INCLUDING REASONABLE ATTORNEYS' FEES, INCURRED BY SELLER OR ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS AND ASSIGNS IN DEFENDING SUCH CLAIMS OR IN ENFORCING THIS PROVISION. UNDER NO CONDITION OR CAUSE OF ACTION SHALL SELLER BE LIABLE FOR ANY LOSS OF ACTUAL OR ANTICIPATED BUSINESS OR PROFITS OR ANY SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES.

**6. INSURANCE:** Purchaser, at its expense, shall keep each Unit and all equipment listed as Additional Security insured against all risks for their full insurable value and shall maintain comprehensive public liability insurance in an amount reasonably acceptable to Seller. All such insurance shall be in such form and with such companies as Seller shall reasonably approve, shall be primary, without right of contribution from any insurance carried by Seller, and shall provide that such insurance may not be cancelled or altered so as to affect the interest of Seller without at least 30 days' prior written notice to Seller. All insurance covering loss or damage to the Units and Additional Security shall name Seller (or its designee) as loss payee and be payable to Seller as its interest may appear. Purchaser agrees to notify Seller of any occurrence which may become the basis of an insurance claim hereunder and not to make any adjustments with insurers without Seller's prior written consent. Prior to the first delivery of any Unit to Purchaser, Purchaser shall deliver to Seller satisfactory evidence of such insurance coverage.

**7. EVENTS OF DEFAULT:** Each of the following shall constitute an "Event of Default" hereunder: (a) Purchaser shall fail to make any payment to Seller when due hereunder or fail to observe or perform any other covenant, agreement or warranty made by Purchaser hereunder; (b) any representation or warranty of Purchaser contained herein or in any document furnished to Seller in connection herewith shall be incorrect or misleading when made; (c) any Unit or additional security shall become lost, stolen, destroyed, irreparably damaged or subject to any sale, lien, claim, security interest or encumbrance (other than in favor of Seller or its assignee); (d) any default shall occur under any other agreement between Purchaser and Seller; (e) Purchaser or any guarantor of this Contract shall cease to do business, become insolvent, make an assignment for the benefit of creditors or file any petition under any bankruptcy, reorganization, insolvency or moratorium law, or any other law for the relief of debtors; (f) any involuntary petition shall be filed under any bankruptcy statute against Purchaser or any guarantor of this Contract or any receiver, trustee, or similar official shall be appointed to take possession of the properties of Purchaser or any guarantor of this Contract unless such petition or appointment ceases to be in effect within 30 days of said filing or appointment; (g) Seller shall reasonably deem itself to be insecure; or (h) any breach or repudiation by any guarantor shall occur under any guaranty obtained by Seller in connection with this Contract.

**8. REMEDIES:** If any Event of Default shall occur, Seller may, at its option, do any one or more of the following: (a) Declare all amounts due or to become due under this Contract, excluding any unearned portion of the Finance Charge, immediately due and payable; (b) recover any additional damages and expenses sustained by Seller by reason of the breach of any covenant, representation or warranty contained in this Contract; (c) enforce the security interest granted hereunder; (d) without notice, liability or legal process, enter upon the premises where any of the Units or additional security may be and take possession thereof, and (e) require Purchaser to assemble the Units and additional security and make them available to Seller at a place designated by Seller which is reasonably convenient to both parties. Time is of the essence of this Contract. Seller shall have all rights given to a secured party by law and may retain all monies theretofore paid by Purchaser hereunder as compensation for the reasonable use of the Units by Purchaser. Seller may, at its option, undertake commercially reasonable efforts to sell the Units and additional security, and the proceeds of any such sale shall be applied: First, to reimburse Seller for all reasonable expenses of retaking, holding, preparing for sale, and selling the Units and additional security, including all taxes and reasonable attorneys' fees, and second, to the extent not previously paid by Purchaser, to pay Seller all amounts then due or accrued under this Contract, including any accelerated payments and late payment charges. Any surplus shall be paid to the person entitled thereto. Purchaser shall promptly pay any deficiency to Seller. Purchaser acknowledges that sales for cash or on credit to a wholesaler, retailer or user of the Units or additional security, and with or without the Units or additional security being present at such sale, are all commercially reasonable. Purchaser agrees to pay all reasonable attorneys' fees (to the extent permitted by applicable law) and all costs and expenses incurred by Seller in enforcing this Contract. The remedies provided herein shall be cumulative and in addition to all other remedies at law or in equity. If Purchaser fails to perform any of its obligations under this Contract, Seller may (but need not) at any time thereafter perform such obligation, and the expenses incurred in connection therewith shall be payable by Purchaser upon demand.

**9. SECURITY INTEREST; PURCHASER ASSURANCES AND REPRESENTATIONS:** To secure payment of Purchaser's indebtedness to Seller hereunder and the performance of all obligations of Purchaser hereunder, Purchaser hereby grants to Seller a continuing security interest in the Units, and in the equipment, if any, described as Additional Security on the front of this Contract, including all attachments, accessories and optional features for such Units and Additional Security (whether or not installed thereon) and all substitutions, replacements, additions and accessions thereto, and proceeds of all the foregoing including, but not limited to, proceeds in the form of chattel paper. Purchaser will, at its expense, do any act and execute, acknowledge, deliver, file, register and record any Documents which Seller deems desirable in its discretion to protect Seller's security interest and Seller's rights and benefits under this Contract. Purchaser hereby irrevocably appoints Seller as Purchaser's Attorney-in-Fact for the signing and filing of such documents and authorizes Seller to delegate these limited powers. Purchaser acknowledges the signature of Seller or said delegatee upon such documents to be the same as Purchaser's own for all purposes and with the present intent to authenticate the document. Purchaser represents and warrants to Seller that (a) Purchaser has the power to make, deliver and perform under this Contract; (b) the person executing and delivering this Contract is authorized to do so on behalf of Purchaser; (c) this Contract constitutes a valid obligation of Purchaser, legally binding upon it and enforceable in accordance with its terms; and (d) all credit, financial and other information submitted to Seller in connection with this Contract is and shall be true, correct and complete. Purchaser further represents and warrants to Seller that Purchaser is and shall remain a Sole Proprietorship residing at 1415 N. BEALE RD., MARYSVILLE, CA 95901, YUBA ("Business Location"); and Purchaser will not change its form of business organization or Business Location without prior written notice to Seller.

**10. ASSIGNMENT; COUNTERPARTS:** The rights and remedies of Seller under this Contract may be assigned by Seller at any time. If this Contract is assigned by Seller, the term "Seller" shall thenceforth mean Seller's assignee, and if assigned to a partnership, shall thenceforth mean such partnership and, for purposes of Sections 2, 4, 5 and 6, each partner in such partnership. If notified by Seller, Purchaser shall make all payments due hereunder directly to the party designated in such notice, without any offset or deduction whatsoever. Purchaser waives, as to Seller's assignee, all claims and defenses Purchaser may have or assert against Seller and agrees that no such claim or defense will be asserted



against Seller's assignee. No assignment of this Contract by Seller shall release any claim Purchaser may have against Seller hereunder. No assignment of this Contract or any right or obligation hereunder may be made by Purchaser without the prior written consent of Seller. This Contract shall be binding upon and inure to the benefit of Seller and Purchaser and their respective successors and assigns. Although multiple counterparts of this document may be signed, only the counterpart accepted, acknowledged and certified by Caterpillar Financial Services Corporation on the signature page thereof as the original will constitute original chattel paper.

**11. EFFECT OF WAIVER; ENTIRE AGREEMENT; MODIFICATION OF CONTRACT; NOTICES:** No delay or omission to exercise any right or remedy accruing to Seller hereunder shall impair any such right or remedy nor shall it be construed to be a waiver of any breach or default of Purchaser. Any waiver or consent by Seller under this Contract must be in writing specifically set forth. This Contract completely states the rights of Seller and Purchaser with respect to the Units and supersedes all prior agreements with respect thereto. No variation or modification of this Contract shall be valid unless in writing. All notices hereunder shall be in writing, addressed to each party at the address set forth on the front of this Contract or at such other address as may hereafter be furnished in writing.

**12. APPLICABLE LAW, JURISDICTION AND JURY TRIAL WAIVER PROVISIONS:** This Agreement shall be governed by and construed under the laws of the State of Tennessee, without giving effect to the conflict-of-laws principles thereof, and Purchaser hereby consents to the jurisdiction of any state or federal court located within the State of Tennessee. THE PARTIES HERETO HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE OBLIGATIONS OR THE COLLATERAL.

**13. SEVERABILITY; SURVIVAL OF COVENANTS:** If any provision of this Contract shall be invalid under any applicable law, such provision shall be deemed omitted but the remaining provisions hereof shall be given effect. All obligations of Purchaser under this Contract shall survive the expiration or termination of this Contract to the extent required for their full observance and performance.

PURCHASER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS CONTRACT EXECUTED BY BOTH PURCHASER AND SELLER.

Purchaser(s) and Seller have duly executed this Contract as of _____ JUL 6 2006 _____

| Purchaser(s): | Seller: |
|---|---|
| JAMES MYERS DBA MYERS HEAVY HAULING | HOLT OF CALIFORNIA |
| By _____ | By _____ |
| Name (PRINT) _James A. MYERS_ | Name (PRINT) **Daniel L. Johns** |
| Title _Owner_ | Title **Vice President & CFO** |

## ASSIGNMENT OF INSTALLMENT SALE CONTRACT
## (WITHOUT RECOURSE)

For valuable consideration, the receipt of which is hereby acknowledged, HOLT OF CALIFORNIA STOCKTON, CA ("Assignor") hereby sells, assigns, transfers and sets over to Caterpillar Financial Services Corporation ("Assignee"), its successors and assigns, WITHOUT RECOURSE as to the financial ability of the Buyer (identified below) to pay, (a) all of Assignor's interest in and rights and remedies under the Installment Sales Contract between Assignor and  JAMES MYERS DBA MYERS HEAVY HAULING ("Buyer"), dated as of __JUL    6 2006__ together with any and all notes, guaranties, certificates, instruments or other agreements related thereto (collectively, the "Contract"),  including all of Assignor's rights to collect any and all installments due and to become due on the Contract and to take, in Assignor's or Assignee's name, any and all proceedings Assignor might otherwise take, and (b) Assignor's security interest in the "Units" (as such term is defined in the Contract).

Assignor represents and warrants to Assignee that (a) the Contract is genuine and all statements of fact contained therein are true and correct; (b) the Contract has been duly authorized, executed and delivered by the parties thereto, and the signatures thereon are the genuine signatures of the parties whose signatures they purport to be; (c) the Contract is the original and only contract executed in connection with the Units: (d) the Contract constitutes the entire agreement of the parties with respect to the Units; (e) the Contract is a valid and binding agreement of each party thereto, enforceable against such party in accordance with its terms; (f) Assignor has the right to assign the Contract to Assignee; (g) as of the date hereof, no party to the Contract is in default thereunder; (h) the Units have been delivered to Buyer under the Contract in satisfactory condition and have been unconditionally accepted by Buyer; (i) upon acceptance of this Assignment by Assignee, Assignee will have a valid, perfected, first priority security interest in the Units and in all equipment (if any) described as Additional Security in the Contract,  and good title to the Contract, free of all liens, claims, security interests and encumbrances; and (j) as of the date hereof, the unpaid balance specified in the Contract is $27,906.12, without offset or deduction of any kind.

This Assignment shall be binding on Assignor, its successors and assigns and shall inure to the benefit of Assignee, its successors and assigns.  This Assignment shall become effective only upon acceptance hereof by Assignee.

IN WITNESS WHEREFORE, Assignor has duly executed this Assignment on _____ JUL   6 2006 _____.

**Caterpillar Financial Services Corporation**
(Assignee)                    Bill Schowalter

Signature: _____

Name (PRINT): Documentation Manager

Title: _____
            JUL   6 2006

Accepted on: _____

**HOLT OF CALIFORNIA**
(Assignor)

Signature: _____

Name (PRINT): **Daniel L. Johns**

Title: __**Vice President & CFO**__

EXHIBIT "C"



# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Phone: (800) 331-3282 Fax: (818) 662-4141

**B. SEND ACKNOWLEDGEMENT TO:** (Name and Address)

UCC Direct Services
P.O. Box 29071
Glendale, CA 91209-9071

**8837302**

CA, Secretary of State

UCC Direct Services
Representation of filing

**This filing is Completed**
File Number : 06707654244
File Date  : 14-JUL-2006

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name(1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL LAST NAME MYERS | FIRST NAME JAMES | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS 1415 N. BEALE RD. | CITY MARYSVILLE | STATE CA / POSTAL CODE 95901 | COUNTRY US |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION CA | 1g. ORGANIZATIONAL ID#, if any ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name(2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION NAME MYERS HEAVY HAULING | | | |
|---|---|---|---|
| 2b. INDIVIDUAL LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS 1415 N. BEALE RD. | CITY MARYSVILLE | STATE CA / POSTAL CODE 95901 | COUNTRY US |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION Sole Proprietership | 2f. JURISDICTION OF ORGANIZATION CA | 2g. ORGANIZATIONAL ID#, if any ☒ NONE |

**3. SECURED PARTY'S** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION NAME CATERPILLAR FINANCIAL SERVICES CORPORATION | | | |
|---|---|---|---|
| 3b. INDIVIDUAL LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS 2120 WEST END AVE | CITY NASHVILLE | STATE TN / POSTAL CODE 37203 | COUNTRY US |

**4. This FINANCING STATEMENT covers the following collateral:**

ONE (1) TOWMASTER T40RGT TRAILER S/N: 4KNFT24236L163331
And substitutions, replacements, additions and accessions thereto, now owned or hereafter acquired and proceeds thereof.

| 5. ALTERNATE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS    Attach Addendum [if applicable] | Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**  001-0417024-000
21370620

0417024-000

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1)  (REV. 05/02/02)

EXHIBIT "D"

# CERTIFICATE OF TITLE

54306072517

TRAILER

4KNFT24236L1L33311

FB

2006

REGISTERED OWNER

MEYERS HEAVY HAULING
9892 BUENA VISTA
MARYSVILLE CA 95901

I certify under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

X

To:                                                                 X

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads _____ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☐ Odometer reading is NOT the actual mileage. ☐ Mileage exceeds the mechanical limits.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X

IMPORTANT - READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

CAT FNCL
2120 W END AVE
NASHVILLE
TN 37203

EXHIBIT "E"





**Caterpillar Financial Services Corporation**
2120 West End Avenue
Nashville, TN 37203-0001
Phone: (800) 651-0567 x 1548
Fax Number: (615) 341-8577

## MODIFICATION AGREEMENT

JAMES MYERS DBA MYERS HEAVY HAULING
9892 BUENA VISTA
MARYSVILLE, CA 95901

Contract #: 417024
Quoted by: Shalice John
Quote date: 06/14/2007
Quote # HBS19355

At your request and for your convenience, we will modify the terms of payments on your contract per the attached payment schedule. All other conditions of the original agreement, and any amendments or addenda thereto, will remain in full force and effect. To expedite your modification request, please sign all enclosed documents and return to me via fax at 615-341-8577.

**Documents received after 06/18/07 may be null and void and the approval cancelled.**

### Conditions

<u>Sales/Use/Property taxes (if applicable):</u> Lessee's responsibility (May not be included in the payment amount reflected on the attached payment schedule).

Unpaid balance and revised payment terms agreed to:

JAMES MYERS DBA MYERS HEAVY HAULING

By: _Donna Myers_

Name (Print): _Donna Myers_

Title: AN INDIVIDUAL (DO NOT TITLE)

Date: _6 - 14 - 07_

Caterpillar Financial Services Corporation

By: _Shalice John_

Name (Print): _Shalice John_

Title: _Asst Modification Rep_

Date: _6/22/07_

# AMORTIZATION SCHEDULE

Prepared Jun-14-2007 9:23 by ............................................... Shalico John
Quote number ............................................................... HBS-19355
360/365/actual day calculations ....................................... 360 / 360
Customer name ....................................... JAMES MYERS DBA MYERS HEAVY HAULING
Interest rate ..................................................................... 8.70%

Customer ........................................... JAMES MYERS DBA MYERS HEAVY HAULING
Model ............................................................................ T40RGT
Serial Number .................................. 4KNFT24236L16333) K#417024 MOD 06/07



**PLEASE INITIAL**

| Date | Number of Payments Made | Starting Balance | Loan | Payments | Interest 8.70000% | Principal | Ending Balance |
|---|---|---|---|---|---|---|---|
| Jul-06-06 | 0 | 0.00 | 24,484.05 | | 0.00 | 0.00 | 24,484.05 |
| Aug-06-06 | 1 | 24,484.05 | 0.00 | 775.17 | 177.51 | 597.66 | 23,886.39 |
| Sep-06-06 | 2 | 23,886.39 | 0.00 | 775.17 | 173.18 | 601.99 | 23,284.40 |
| Oct-06-06 | 3 | 23,284.40 | 0.00 | 775.17 | 168.81 | 606.36 | 22,678.04 |
| Nov-06-06 | 4 | 22,678.04 | 0.00 | 775.17 | 164.42 | 610.75 | 22,067.29 |
| Dec-06-06 | 5 | 22,067.29 | 0.00 | 775.17 | 159.99 | 615.18 | 21,452.11 |
| | | | 24,484.05 | 3,875.85 | 843.91 | 3,031.94 | |
| Jan-06-07 | 6 | 21,452.11 | 0.00 | 775.17 | 155.33 | 619.64 | 20,832.47 |
| Feb-06-07 | 7 | 20,832.47 | 0.00 | 775.17 | 151.04 | 624.13 | 20,208.34 |
| Mar-06-07 | 8 | 20,208.34 | 0.00 | 775.17 | 146.51 | 628.66 | 19,579.68 |
| Apr-06-07 | 9 | 19,579.68 | 0.00 | 775.17 | 141.95 | 633.22 | 18,946.46 |
| May-06-07 | 10 | 18,946.46 | 0.00 | 0.00 | 137.36 | -137.36 | 19,083.82 |
| Jun-06-07 | 11 | 19,083.82 | 0.00 | 0.00 | 138.36 | -138.36 | 19,222.18 |
| Jul-06-07 | 12 | 19,222.18 | 0.00 | 0.00 | 139.36 | -139.36 | 19,361.54 |
| Aug-06-07 | 13 | 19,361.54 | 0.00 | 881.86 | 140.37 | 741.49 | 18,620.05 |
| Sep-06-07 | 14 | 18,620.05 | 0.00 | 881.86 | 135.00 | 746.86 | 17,873.19 |
| Oct-06-07 | 15 | 17,873.19 | 0.00 | 881.86 | 129.58 | 752.28 | 17,120.91 |
| Nov-06-07 | 16 | 17,120.91 | 0.00 | 881.86 | 124.13 | 757.73 | 16,363.18 |
| Dec-06-07 | 17 | 16,363.18 | 0.00 | 881.86 | 118.63 | 763.23 | 15,599.95 |
| | | | 0.00 | 7,509.98 | 1,657.62 | 5,852.16 | |
| Jan-06-08 | 18 | 15,599.95 | 0.00 | 881.86 | 113.10 | 768.76 | 14,831.19 |
| Feb-06-08 | 19 | 14,831.19 | 0.00 | 881.86 | 107.53 | 774.33 | 14,056.86 |
| Mar-06-08 | 20 | 14,056.86 | 0.00 | 881.86 | 101.91 | 779.95 | 13,276.91 |
| Apr-06-08 | 21 | 13,276.91 | 0.00 | 881.86 | 96.26 | 785.60 | 12,491.31 |
| May-06-08 | 22 | 12,491.31 | 0.00 | 881.86 | 90.56 | 791.30 | 11,700.01 |
| Jun-06-08 | 23 | 11,700.01 | 0.00 | 881.86 | 84.82 | 797.04 | 10,902.97 |
| Jul-06-08 | 24 | 10,902.97 | 0.00 | 881.86 | 79.05 | 802.81 | 10,100.16 |
| Aug-06-08 | 25 | 10,100.16 | 0.00 | 881.86 | 73.23 | 808.63 | 9,291.53 |
| Sep-06-08 | 26 | 9,291.53 | 0.00 | 881.86 | 67.36 | 814.50 | 8,477.03 |
| Oct-06-08 | 27 | 8,477.03 | 0.00 | 881.86 | 61.46 | 820.40 | 7,656.63 |
| Nov-06-08 | 28 | 7,656.63 | 0.00 | 881.86 | 55.51 | 826.35 | 6,830.28 |
| Dec-06-08 | 29 | 6,830.28 | 0.00 | 881.86 | 49.52 | 832.34 | 5,997.94 |
| | | | 0.00 | 10,582.32 | 980.31 | 9,602.01 | |
| Jan-06-09 | 30 | 5,997.94 | 0.00 | 881.86 | 43.48 | 838.38 | 5,159.56 |
| Feb-06-09 | 31 | 5,159.56 | 0.00 | 881.86 | 37.41 | 844.45 | 4,315.11 |
| Mar-06-09 | 32 | 4,315.11 | 0.00 | 881.86 | 31.28 | 850.58 | 3,464.53 |
| Apr-06-09 | 33 | 3,464.53 | 0.00 | 881.86 | 25.12 | 856.74 | 2,607.79 |
| May-06-09 | 34 | 2,607.79 | 0.00 | 881.86 | 18.91 | 862.95 | 1,744.84 |
| Jun-06-09 | 35 | 1,744.84 | 0.00 | 881.86 | 12.65 | 869.21 | 875.63 |
| Jul-06-09 | 36 | 875.63 | 0.00 | 881.86 | 6.23 | 875.63 | 0.00 |
| | | | 0.00 | 6,173.02 | 175.08 | 5,997.94 | |
| **TOTAL** | | | 24,484.05 | 28,141.17 | 3,657.12 | 24,484.05 | |

Ending balance not equal to early buy out amount

EXHIBIT "F"




**Financial**

**Caterpillar Financial**
**Services Corporation**
2120 West End Avenue
P.O. Box 340001
Nashville, Tennessee 37203-0001
USA

July 9, 2009

MYERS, JAMES
9892 BUENA VISTA
MARYSVILLE, CA 95901

Re: DEFAULT NOTICE

Reference is made to that certain Installment Sales Contract dated 07/06/2006 (collectively, the 'Agreement'), (Contract number 001-0417024-000) executed by MYERS, JAMES as Purchaser, in favor of Caterpillar Financial Services Corporation (hereinafter 'CAT Financial'), as Lendor.

Please allow this letter to serve as written notice that MYERS, JAMES is in breach of its obligations to make payments when and as due to Cat Financial with respect to the Agreement. Consequently, an Event of Default (as such term is defined in the Agreement) has occurred and is continuing. Pursuant to CAT Financial's express rights under thereof, the Agreement hereby is and shall be deemed to be terminated and the entire unpaid principal amount due thereunder hereby is declared to be due and payable, together with any and all accrued or accruing unpaid interest thereon and all other amounts payable to CAT Financial under the Agreement.

In addition, pursuant to the express terms of the Agreement, CAT Financial hereby demands the immediate return of all equipment described in the Agreement (the 'Equipment'). At your expense, the Equipment is to be delivered to HOLT OF CALIFORNIA-LKE on or before 7/19/2009. If you are unable to deliver the Equipment by the above referenced date, we will make the necessary transportation arrangements, and add these fees and expenses to your account balance.

Notwithstanding the foregoing termination of the Agreement, you remain liable to CAT Financial as set forth in the Agreement. You are further hereby notified that the accelerated outstanding balance under the Agreement 001-0417024-000 along with miscellaneous fees in the amount of $308.63 and insurance payments, if applicable, in the amount of $0.00 are now immediately due and payable, resulting in total payment due to CAT Financial in the amount of $7,321.46. In addition to the foregoing amount, you remain liable for any costs or expenses incurred by CAT Financial in connection with enforcement of the Agreement and any amounts which may become due in the future under those terms of the Agreement which survive its termination (the 'Indebtedness').

Demand is hereby made for the immediate payment in full of the Indebtedness to CAT Financial via certified funds to the following address:

If by U.S. Mail:

Caterpillar Financial Services Corporation
ACCOUNT SERVICES
P. O. Box 340001
Nashville, TN 37203-0001

If by Courier:

Caterpillar Financial Services Corporation
ACCOUNT SERVICES
2120 West End Avenue
Nashville, TN 37203

If the foregoing funds in the amount of $7,321.46 are not received on or before the close of business on 7/19/2009, CAT Financial intends to take such action as it deems appropriate to enforce and protect its rights under the defaulted Agreement.

This letter is not intended to contain an exhaustive or complete listing of all defaults which currently may exist under the Agreement. This letter shall have no effect on, and does not waive, limit, or relinquish, any of the rights or remedies granted to CAT Financial under the Agreement, any guaranty executed and delivered in connection therewith or any remedies available to CAT Financial at law or in equity. All of such rights shall be cumulative and may be pursued separately, successively or concurrently against MYERS, JAMES and any collateral which secures the Agreement, all at the sole discretion of CAT Financial.

Further, notwithstanding the receipt, negotiation or use by CAT Financial of any post-acceleration payments, CAT Financial does not waive, relinquish, alter or limit, in any way, the status of any of the Agreement(s) which (has/have) been defaulted and accelerated by this written notice, CAT Financial hereby expressly reserving all rights and remedies with respect to said defaulted and accelerated Agreement(s).

We urge your prompt attention to this matter.

Sincerely,

ACCOUNT SERVICES
CATERPILLAR FINANCIAL SERVICES CORPORATION
Phone: (800) 651-0567 x1299

 

# CATERPILLAR®

**Caterpillar Financial
Services Corporation**

7120 West End Avenue
PO Box 340001
Nashville, Tennessee 37203-0001
USA

## Affidavit of Sending Default Letter(s)

County Of Davidson
State of Tennessee

The Affiant swears that the following statements are true:

1. My name is Yunyi Ren, and I am an employee of Caterpillar Financial Services Corporation.

2. I have sent, via regular U.S. mail, a Default Letter on behalf of Caterpillar Financial Services Corporation to each of the Addressee(s) listed below on the date listed next to each address, or if none is given, on today's date listed below. Each Default Letter is attached as an exhibit to this Affidavit.

| Addressee Name & Address | CCAN & Contract #s | Date Default Letter Sent |
|---|---|---|
| MYERS, JAMES 9892 BUENA VISTA MARYSVILLE, CA 95901 | 270134 001-0417024-000 | July 9, 2009 |

**FOR EMPLOYEE (AFFIANT):**

| 7/9/09 | Yunyi Ren | |
|---|---|---|
| Today's Date | Printed Name | Signature |

**FOR NOTARY PUBLIC:**

My name is RUSSELL MADDOX _____, I am the Notary Public whose signature and seal appear on this document, and the above Affidavit was subscribed and sworn to before me on this the 4th day of July , 20 09

_____
Signature and Seal

My Commission Expires:_____

RUSSELL MADDOX
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires NOV 7, 2012

EXHIBIT "G"

IN RE <u>Myers, James A & Myers, Patricia</u>       Case No. _____

              Debtor(s)                                               (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1329** <br> **ASC** <br> **PO Box 10388** <br> **Des Moines, IA  50306-0388** | | C | **Residence** <br><br> VALUE $ **306,000.00** | | | | 400,000.00 | 94,000.00 |
| ACCOUNT NO. **0134** <br> **Caterpillar Financial Services Corp.** <br> **PO Box 340001** <br> **Nashville, TN  37203-0001** | | C | **tilt bed trailer** <br><br> VALUE $ | | | | 7,000.00 | 7,000.00 |
| ACCOUNT NO. **2649** <br> **GE Money Bank** <br> **PO Box 96001** <br> **Orlando, FL  32896** | | C | **Ski Doos** <br><br> VALUE $ **5,000.00** | | | | 5,318.00 | 318.00 |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

     **0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | $ **412,318.00** | $ **101,318.00** |
| Total (Use only on last page) | $ **412,318.00** | $ **101,318.00** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

EXHIBIT "H"

# United States Bankruptcy Court
# Eastern District of California

**IN RE:**

Myers, James A & Myers, Patricia

Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**ASC** | **Describe Property Securing Debt:**<br>**Residence located at: 9892 Buena Vista Drive, Marysville, C**|

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:**<br>**GE Money Bank** | **Describe Property Securing Debt:**<br>**2 Sea Doo Jet Ski's** |

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

_**1**_ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____**August 24, 2009**_____

_____
Signature of Debtor

_____
Signature of Joint Debtor

*© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only*

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
## *(Continuation Sheet)*

## PART A – Continuation

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**GE Money Bank** | **Describe Property Securing Debt:**<br>**2 Sea Doo Jet Ski's** |

Property will be *(check one)*:
- [ ] Surrendered   [✓] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [✓] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt   [✓] Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- [ ] Surrendered   [ ] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [ ] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt   [ ] Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- [ ] Surrendered   [ ] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [ ] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt   [ ] Not claimed as exempt

## PART B – Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>[ ] Yes [ ] No |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>[ ] Yes [ ] No |

Continuation sheet ___1___ of ___2___

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT "I"

LAW OFFICES OF

# Mark D. Poniatowski

PROFESSIONAL CORPORATION

2811 CASTRO VALLEY BOULEVARD, SUITE 208
CASTRO VALLEY, CALIFORNIA 94546

TELEPHONE: (510) 881-8700
FACSIMILE: (510) 881-8702
E-MAIL: PONLAW@PONLAW.COM
WEB SITE: WWW.PONLAW.COM

REPLY TO CASTRO VALLEY

THE LEIMERT-OLD OAKLAND
456 EIGHTH STREET
OAKLAND, CA 94607
(510) 839-8700

MARK D. PONIATOWSKI
ANDREW R. BENDON
KIMBERLY F. LEDING

October 22, 2009

Douglas B. Jacobs, Esq.                                    VIA FACSIMILE (530) 342-6310
20 Independence Circle                                           AND FIRST CLASS MAIL
Chico, CA 95973

RE:     **In Re: James A. Myers ("Debtor") and Patricia Myers, United States
        Bankruptcy Court for the Eastern District of California, Chapter 7 Case No.
        09-37956-C-7**

Dear Mr. Jacobs:

This firm represents Caterpillar Financial Services Corporation ("CFSC"). CFSC holds a perfected, purchased money security interest in one (1) model G40RGT Towmaster Trailer, Serial no. 4KNFT24236L163331 ("Collateral"). The Collateral secures CFSC's claim in the amount of Seven Thousand Four Hundred Ninety-Five and 78/100 Dollars ($7,495.78) as of the petition date of August 25, 2009.

The Collateral is listed in the Debtor's petition and appears to be in the Debtor's possession.

Bankruptcy Code Section 521 (a)(2)(A) requires an individual chapter 7 debtor to file a statement of intention with reference to personal property that secures a debt. The statement of intention must be filed within 30 days of the filing of the petition or by the date of the meeting of creditors, whichever is earlier. If the individual chapter 7 debtor fails to file a statement of intention, or fails to indicate in the statement that he or she either will redeem the property or enter into a reaffirmation agreement, then the automatic stay is automatically terminated and the property is no longer property of the bankruptcy estate pursuant to Bankruptcy Code Section 362(h).

Here, the Debtor filed a statement of intention but did not reference CFSC or the Collateral. The petition was filed on 8-25-09 and the meeting of creditors held on 10-21-09. As such, pursuant to Bankruptcy Code §362(h) the automatic stay is automatically terminated.

Douglas B. Jacobs, Esq.
October 22, 2009
Page 2

       CFSC demands that the Debtor turnover possession of the Collateral as required by the
Bankruptcy Code and state law. Please call me to arrange for voluntary surrender by the Debtor
at a mutually convenient time and location. I look forward to hearing for you in the next five (5)
days.

                        Very truly yours,

                LAW OFFICES OF MARK D. PONIATOWSKI
                PROFESSIONAL CORPORATION


                MARK D. PONIATOWSKI

CC:    Linda S. Schuette, Trustee
       P.O. Box 743
       Palo Cedro, CA 96073
       Fax: (530) 222-3665

EXHIBIT "J"

LAW OFFICES OF

# Mark D. Poniatowski

PROFESSIONAL CORPORATION

2811 CASTRO VALLEY BOULEVARD, SUITE 208
CASTRO VALLEY, CALIFORNIA 94546

TELEPHONE: (510) 881-8700
FACSIMILE: (510) 881-8702
E-MAIL: PONLAW@PONLAW.COM
WEB SITE: WWW.PONLAW.COM

REPLY TO CASTRO VALLEY

THE LEIMERT-OLD OAKLAND
456 EIGHTH STREET
OAKLAND, CA 94607
(510) 839-8700

MARK D. PONIATOWSKI
KIMBERLY F. LEDING

December 8, 2009

Douglas B. Jacobs, Esq.
20 Independence Circle
Chico, CA 95973

VIA FACSIMILE (530) 342-6310
AND FIRST CLASS MAIL

RE: **In Re: James A. Myers ("Debtor") and Patricia Myers, United States
Bankruptcy Court for the Eastern District of California, Chapter 7 Case No.
09-37956-C-7**

Dear Mr. Jacobs:

As you know, this office represents Caterpillar Financial Services Corporation ("CFSC")
in connection with the above-referenced matter. We did not receive a response to our letter
dated October 22, 2009 wherein we requested that you contact our office to arrange for the
surrender of CFSC's collateral, one (1) model G40RGT Towmaster Trailer, Serial no.
4KNFT24236L163331 ("Collateral"). The Debtor remains in possession of the Collateral.

Please be advised that CFSC will consider filing a complaint objecting to the discharge of
the Debtor based on 11 USC § 523(a)(6), 727(a)(2) and/ or 727(a)(4) if the Collateral is not
surrendered by the close of business on December 14, 2009. Please contact our office
immediately to arrange for the surrender of the Collateral to avoid this adversary proceeding.

Thank you for your prompt attention to this matter.

Very truly yours,

LAW OFFICES OF MARK D. PONIATOWSKI
PROFESSIONAL CORPORATION

MARK D. PONIATOWSKI

CC:     Linda S. Schuette, Trustee
P.O. Box 743
Palo Cedro, CA 96073
Fax: (530) 222-3665